IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

C&C MARKET RESEARCH, INC.                                                                PLAINTIFF

v.                                        Case No. 2:15-CV-02153

CAPSTONE GLOBAL MARKETING &
RESEARCH GROUP, INC. and
CATHERINE PAURA                                                                         DEFENDANTS

**OPINION AND ORDER**

Before the Court are Defendants' Capstone Global Marketing & Research Group, Inc.'s ("Capstone") and Catherine Paura's joint motion to dismiss for lack of personal jurisdiction (Doc. 7) and brief in support (Doc. 8), and Plaintiff C&C Market Research, Inc.'s ("CCMR") response (Doc. 12). For the following reasons, the Court finds that the motion to dismiss (Doc. 7) should be GRANTED IN PART and DENIED IN PART.

**I.     Background**

CCMR is an Arkansas corporation with its principal place of business in Sebastian County, Arkansas. Capstone is a California corporation with its principal place of business in California. Paura serves as the Chief Executive Officer of Capstone and is also a citizen of California. Throughout 2013 and 2014, CCMR and Capstone were engaged in a business relationship during which CCMR performed research on various consumer markets, including Arkansas, for use in the film industry. The parties never entered into a formal written agreement for the services CCMR performed. CCMR brought this action alleging that Capstone has not paid the sum of $221,493.50 for services already rendered. CCMR also alleges that Paura personally guaranteed that Capstone's debt would be paid. Defendants now bring their joint motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

**II.     Legal Standard**

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts 'to support a reasonable inference that the defendant[] can be subjected to jurisdiction within the state.'" *K-V Pharmaceutical Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011) (citing *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)).  Personal jurisdiction need not be proven by a preponderance of the evidence until trial or until the Court holds an evidentiary hearing.[1]  *Epps v. Stewart Info. Services Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).  "For the purposes of a prima facie showing, the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor."  *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).  "Although the evidentiary showing required at the prima facie stage is minimal, the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion."  *K-V Pharmaceutical Co.*, 648 F.3d at 592 (quotation omitted).  If conclusory allegations in a complaint are contested and the plaintiff fails to supply any factual foundation, the complaint's conclusory allegations are insufficient to confer personal jurisdiction over a nonresident defendant.  *Dever*, 380 F.3d at 1072–73.

"Personal jurisdiction in a diversity case exists 'only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause.'"  *K-V Pharmaceutical Co.*, 648 F.3d at 592 (quoting *Dever*, 380 F.3d at 1072).  Arkansas's long-arm statute provides for personal jurisdiction over a defendant "to the maximum extent permitted by the due process of law clause

---

[1] Neither party has requested a hearing on the instant motion nor does the Court believe that any hearing is necessary.

of the Fourteenth Amendment of the United States Constitution." Ark. Code. Ann. § 16-4-101. "Due process requires 'minimum contacts' between [a] non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980)). "The fundamental inquiry is whether the defendant has 'purposefully availed' itself of the 'benefits and protections' of the forum state to such a degree that it 'should reasonably anticipate being haled into court there.'" *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985); *World-Wide Volkswagen Corp.*, 444 U.S. at 297). The Eighth Circuit measures minimum contacts under a five-part test: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir. 2008) (citation omitted). With respect to the third factor, the Court distinguishes between specific jurisdiction and general jurisdiction. *Id.* Specific jurisdiction arises when a defendant purposefully directs its activities at the forum state, and the lawsuit "relates to" or "arises from" those activities. *Johnson v. Arden*, 614 F.3d 785, 794–95 (8th Cir. 2010). General jurisdiction, on the other hand, refers to the power of a court to hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state, regardless of where the cause of action actually arose. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984).

**III.    Analysis**

CCMR concedes in its response that neither Capstone nor Paura are subject to general personal jurisdiction. CCMR's arguments are limited to specific jurisdiction based on contacts established through the parties' business dealings for marketing research services. Therefore, the Court's analysis deals only with whether Defendants are subject to the personal jurisdiction of this court under the specific jurisdiction framework.

A.    **Personal Jurisdiction over Capstone**

It is undisputed that Capstone and CCMR had a business relationship over a course of years, which involved on-going communications and coordination, Capstone submitting payments to CCMR's Fort Smith, Arkansas address, and at least some services being performed in Arkansas by CCMR. Given the continuing nature and extent of the parties' business relationship, and giving CCMR its due deference on this motion to dismiss, the Court finds that the claims against Capstone should not be dismissed for lack of jurisdiction at this juncture. Defendants argue against the Court having personal jurisdiction over Capstone because the majority of CCMR's services were performed in states other than Arkansas and because it was CCMR who regularly solicited work from Capstone. However, where services were performed is only one aspect of the course of dealing between the parties used to determine Capstone's contacts with Arkansas, and it's undisputed that at least some services were performed in Arkansas. Moreover, this action is related to agreements with CCMR to provide services across many states, and the dispute is not necessarily limited to services performed outside of Arkansas. As to who initiated this course of dealing, Defendants' argument that CCMR initiated the business relationship might be more availing if the relationship had consisted of a single deal or short-term dealing. The fact that the business dealings occurred over a matter of years weighs in favor of a finding that Capstone has purposefully availed itself to the benefits and protections of Arkansas law, and a finding that it should reasonably

anticipate being haled into court in Arkansas for disputes over its dealings with CCMR. Accordingly, the Court finds that the motion to dismiss (Doc. 7) should be denied insofar as it seeks to dismiss the claims against Capstone for lack of personal jurisdiction.

### B. Personal Jurisdiction over Catherine Paura

CCMR is seeking to hold Paura liable in her individual capacity for Capstone's debts. It is clear that Paura, as CEO of Capstone, was at least somewhat involved with CCMR and Capstone's business dealings. Specifically, the record reflects that she communicated directly with Craig Cunningham, President of CCMR, regarding Capstone's debts. Paura also signed off on Capstone's payments sent to CCMR's Fort Smith, Arkansas address. CCMR also alleges in its amended complaint that "Paura personally guaranteed the debt owed to the Plaintiff" and "paid for a portion of [CCMR's] services from personal funds" (Doc. 6, ¶¶ 3, 12), both of which Paura denies. (Doc. 7-1). In its response to the instant motion, CCMR produced a single email sent from Paura's Capstone email address to Cunningham's CCMR email address that explains the timeframe to expect future payments from Capstone and asks Cunningham to "please be assured that we will continue to pay you." (Doc. 12-1).

The facts and allegations before the Court are insufficient to show that Paura has the requisite minimum contacts with Arkansas. First, "telephone and mail contacts do not, standing alone, amount to minimum contacts." *Pritchett v. Evans*, 430 S.W.3d 223, 227 (Ark. Ct. App. 2013) (citation omitted). Second, Paura personally guaranteeing the debts of Capstone (assuming it to be true) would not necessarily be sufficient to make the Court's exercise of personal jurisdiction over Paura proper. *See Moran v. Bombardier Credit, Inc.*, 839 S.W.2d 538, 542 (Ark. 1992) (finding that the single act of a nonresident defendant guaranteeing a debt between an Arkansas company and a nonresident corporation was insufficient to sustain personal jurisdiction).

Third, CCMR has failed to provide any legal or factual basis to impute Capstone's contacts with Arkansas onto Paura in her individual capacity.  Because of Paura's lack of personal contacts with Arkansas, the Court can find no reasonable basis for Paura to have reasonably expected to be subjected to suit in Arkansas.  Therefore, CCMR has failed to make a prima facie showing that the Court's exercise of personal jurisdiction over Paura is proper.  Accordingly, the Court finds that the motion to dismiss (Doc. 7) should be granted insofar as the claims against separate defendant Catherine Paura should be dismissed without prejudice for lack of personal jurisdiction.

**IV.     Conclusion**

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 7) is GRANTED IN PART and DENIED IN PART.  The motion is GRANTED insofar as the claims against separate defendant Catherine Paura are DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction over Paura.  The motion is DENIED insofar as the claims against separate defendant Capstone Global Marketing & Research Group, Inc. remain pending.

IT IS SO ORDERED this 29th day of October, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE